PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. CHRISTOPHER ALLEN HOUSE           Docket Number: 12-cr-00020-MSK-01

**Supplemental Petition Due to Violation of Supervised Release**

      COMES NOW, Walter E. Vanni, probation officer of the court, presenting an official report upon the conduct and attitude of Christopher Allen House who was placed on supervision by the Honorable Robert N. Chatigny, sitting in the court at Hartford, Connecticut, on the 28th day of April, 2009, who fixed the period of supervision at ten years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant will participate in a program of mental health treatment, with an emphasis on sex offender treatment, either inpatient or outpatient, to include polygraph administration, under the direction of the Probation Office, and will abide by the policies and procedures of the program. The defendant will pay all or part of the costs, based on his ability to pay, in an amount to be determined by the Probation Office.

2. The defendant will not access, view, download, obtain or possess sexually explicit materials involving minors.

3. Any computer or other Internet-capable device owned or controlled by the defendant will be equipped with monitoring software to enable the Probation Office to determine whether the defendant is complying with the foregoing special conditions prohibiting him from accessing, viewing, obtaining or possessing sexually explicit material involving minors.

4. The defendant will consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions.

5. The defendant will permit a Probation Officer, accompanied by a Deputy United States Marshal or other law enforcement officer, upon reasonable suspicion, to search his residence, automobile, computer or workplace for the presence of sexually explicit materials involving minors.

6. The defendant will comply with the requirements of any applicable local, state, or federal sex offender registry.

7. The defendant will have no unsupervised contact with any child under 18 years of age without the express permission of the Probation Office and the treatment provider.

8. The defendant will provide the Probation Office with access to any requested telephone bills and credit card statements to enable the Probation Office to determine whether he is complying with the foregoing special condition prohibiting him from accessing, viewing, downloading, obtaining or possessing sexually explicit materials involving minors.

9. The defendant will not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant will not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group.

10. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18 years.

**On January 29, 2010, the defendant's conditions of supervised release were modified to include the following special conditions:**

11. The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph and plethysmograph examinations, as directed by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

12. Pursuant to the Adam Walsh Child Protection and Safety Act, the defendant must register as a sex offender in any state where the defendant resides, is employed, carries on a vocation, or is a student. In addition, the Adam Walsh Child Protection and Safety Act provides that for initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. If not sentenced to a term of imprisonment, the sex offender shall register not later than three business days after being sentenced for that offense.

**On November 15, 2011, the defendant's conditions of supervised release were modified to include the following special condition:**

13. The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence at the direction of the Probation Officer, and the defendant shall observe the rules of that facility. The probation officer shall have the discretion to authorize the defendant's early release from the Residential Reentry Center after it has been determined that the defendant has secured a viable and stable residence. During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

**On January 12, 2012, jurisdiction was transferred from the District of Connecticut to the District of Colorado.**

**On September 26, 2012, the defendant's supervised release was revoked and reinstated with the following modified conditions.**

14. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

15. The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

16. The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes.  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with our without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

17. The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

18. The defendant shall comply with the probationary conditions ordered in Jefferson County District Court, Docket Number 2011CR2734.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the original petition (Document No. 18) dated February 5, 2013, which requested the issuance of a warrant due to violations of supervised release be supplemented to include the additional violation of supervised release.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 12th day of December, 2013, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Walter E. Vanni* |
| | Walter E. Vanni |
| | Senior U.S. Probation Officer |
| *s/ Marcia S. Krieger* | |
| Marcia S. Krieger | Place: Denver, Colorado |
| Chief United States District Judge | Date: December 11, 2013 |

## ATTACHMENT

The defendant has committed the following additional violation of supervised release:

### 3) ACCESSING, VIEWING, DOWNLOADING, OBTAINING OR POSSESSING SEXUALLY EXPLICIT MATERIALS INVOLVING MINORS:

On January 28, 2013, the defendant was found to be in possession and receipt of child pornography, which constitutes a Grade B violation of supervised release.

This charge is based on the following facts:

On January 28, 2013, after researching the defendant's laptop it was turned over to the U.S. Immigration and Customs Enforcement Agency (ICE) to perform a digital forensic examination.

In October 2013, I received a digital forensic report completed by Special Agent Christopher McGuckin.  Special Agent McGuckin reports that child pornography images were found on the defendant's computer and the files referenced in link shows that the defendant was in possession of and interested in child pornography.  The Zone Identifiers and the Internet history indicated the defendant was actively pursuing pornography, including child pornography, via the Internet.