IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 12-cr-00020-CNS

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

CHRISTOPHER HOUSE,

　　　Defendant.

---

## ORDER

---

Before the Court is Defendant Christopher House's Motion for Early Termination of Supervised Release (ECF No. 92). The Court DENIES Mr. House's motion for the following reasons.

## I. BACKGROUND

In April 2009, Mr. House was sentenced to imprisonment for a term of twelve months and one day for one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(5)(B) in the District of Connecticut (ECF No. 2 at 18). Mr. House was sentenced to a ten-year term of supervised release following his term of imprisonment (*Id.*).[1]

Mr. House began his first term of supervised release in April 2010 (ECF No. 6 at 3). He violated the terms of his supervised release in August 2011 (*Id.* at 3-4). After discovering Mr. House's violation, a United States Probation Officer filed a Petition for Issuance of Summons due

---

[1] In January 2012, jurisdiction was transferred from the District of Connecticut to the District of Colorado (*See, e.g.*, ECF No. 53 at 2).

to his violation of the terms of his supervised release (*See id.*). Mr. House admitted he violated the terms of his supervised release, and the Court subsequently reinstated and modified the terms of Mr. House's supervised release (*See* ECF Nos. 15 and 16).

In February 2013, a United States Probation Officer filed a Petition for Issuance of a Warrant Due to Violations of Supervised Release on the grounds that Mr. House had again violated the terms of his supervised release, this time by failing to participate in sex offender treatment and by possessing child pornography on his laptop (ECF Nos. 18 at 5-6, 53 at 5). In January 2014, Mr. House admitted to violating the terms of his supervised release by (1) failing to participate in sex offender treatment, (2) accessing the internet without authorization, and (3) using the internet to obtain sexually explicit material involving minors (ECF No. 60 at 1-2). For these reasons, the Court sentenced Mr. House to five years imprisonment (*Id.* at 3). Mr. House was released from prison in December 2017, at which time his supervision recommenced (ECF No. 69 at 1).

In 2018, Mr. House began again to violate the terms of his supervised release (*See id.*). For instance, he accessed the internet without authorization and falsely reported his whereabouts (*Id.* at 1-3). Based on the violations of his supervised release outlined in the United States Probation Officer's 2018 Petition for Warrant, the Court sentenced Mr. House to a twelve-month term of imprisonment (ECF No. 89 at 1-2). Mr. House was released from this term of imprisonment on October 4, 2019 (ECF No. 95 at 1). At that time his most recent term of supervised release commenced (*Id.*).

On October 4, 2022, Mr. House moved for early termination of his supervised release (ECF No. 92). The Court ordered the United States Probation Office and the government to respond to Mr. House's motion (ECF No. 94). The Probation Office and government timely filed their responses (ECF Nos. 95 and 96). Both the Probation Office and the government oppose Mr.

House's motion (ECF No. 95 at 2, 96 at 1). According to the government, Mr. House has served approximately half—60 of 120 months—of the term of his supervised release since April 2010 through the present (ECF No. 96 at 6).

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate the term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice."  The Court must consider the factors set forth in 18 U.S.C. § 3553(a), but the decision to grant or deny the motion to terminate the term of supervised release is within the sound discretion of the Court.  *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).  Under § 3553(a), the Court must consider:

(1) the nature and circumstances of the offense and the defendant's personal history and characteristics;

(2) adequate deterrence;

(3) protection of the public;

(4) the need for effective education, training, care or treatment;

(5) the kinds of sentence and range in effect at the time of sentencing;

(6) pertinent Sentencing Commission policy statements;

(7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and

(8) the need to provide victim restitution.

*See United States v. Mendiola*, 696 F.3d 1033, 1037 (10th Cir. 2012) (citing § 3553(a) and § 3583(e)).

There is a presumption in favor of recommending early termination when a defendant requests early termination after serving 18 months or more of supervised release and meets the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;

> (2) The person presents no identified risk of harm to the public or victim;

> (3) The person is free from any court-reported violations over a 12-month period;

> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

> (5) The person is in substantial compliance with all conditions of supervision; and

> (6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*United States v. Shaw*, No. 10-CR-00488-CMA, 2020 WL 1062896, at *3 (D. Colo. Mar. 5, 2020) (quoting *Guide to Judiciary Policy*, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018)).

### III. ANALYSIS

After weighing all the relevant factors and reviewing Mr. House's record, the Court finds itself in agreement with the government and Probation Office. Mr. House contends that his conduct and employment warrants termination of his supervised release (*See* ECF No. 92 at 3-5). The Court commends Mr. House for his significant progress during his time of supervised release. However, the nature of the offense underlying Mr. House's supervised release is a sex offense involving child pornography (*See, e.g.,* ECF No. 2 at 18). Mr. House has a history of violating the terms of his supervised release by, among other things, viewing sexually explicit material involving minors

(ECF No. 60 at 1-2). The Court agrees with the government and the Probation Office that these considerations indicate Mr. House continues to present a risk of harm to the public (ECF Nos. 95 at 2, 96 at 4-5).

At bottom, the nature and circumstances of the underlying offense—as well as Mr. House's repeated violations of the terms of his supervised release in the past—demonstrate early termination of supervised release is inappropriate. And based on the nature of Mr. House's underlying offense, he is not entitled to a presumption of early termination. *Cf. Shaw*, 2020 WL 1062896, at *3. This bolsters the Court's finding that the continued imposition of Mr. House's supervised release is in the best interest of the community.

## IV.  CONCLUSION

Accordingly, Mr. House's Motion for Early Termination of Supervised Release (ECF No. 92) is DENIED.

DATED this 1st day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge